■ In the Matter of the Claim of CATERINA DEL VECCHIO, Respondent, against THOMAS CRIMMINS CONTRACTING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its insurance carrier from a Workmen's Compensation Board decision and award of disability compensation and of death benefits. Appellants' brief narrows the controversy to one issue, whether the evidence of decedent's attending physician "meets the norm of substantial evidence". We have concluded that it does. On November 27, 1951 decedent sustained an injury to the great toe of his right foot. At the time he suffered from diabetes and arteriosclerosis. The toe became gangrenous, whereupon decedent was hospitalized on March 6, 1952. The toe was amputated on June 30, 1952 and decedent was discharged from the hospital on December 3, 1952. Compensation was paid him until March 2, 1953 but the award for the remaining 21 weeks of his life is contested, as is that of death benefits. For some months prior to decedent's discharge from the hospital, the carrier's physician urged his discharge, and that even before the operation for amputation of the toe. Finally, the attend-

ing physician consented to such discharge, although the amputation site still required dressing, upon the carrier's undertaking to have a nurse in its employ visit decedent daily. So far as appears, the nurse made no visit until some 10 weeks later, immediately after which decedent was again admitted to the hospital where he remained until his death on July 23, 1953. During the 10-week period between hospitalizations decedent visited his attending physician at approximately weekly intervals. Decedent's readmission to the hospital was for early gangrene of the left foot. Later, gangrene appeared in the second toe of the right foot. The attending physician found that the original accident aggravated the pre-existing diabetes, which in turn gave rise to the gangrenous condition and also aggravated the pre-existing arteriosclerosis, producing the circulatory insufficiency from which death ultimately occurred. The medical examiner, following autopsy, found coronary sclerosis and diabetes mellitus among the causes of death. The attending physician also stated that, in the absence of nursing care, decedent came to his office for periodic treatment, which necessitated his walking up and down flights of stairs in the apartment house where he lived and obtaining transportation for the considerable distance to the doctor's office, and that such exertion and activity constituted " a definite type of medical trauma to an already arteriosclerotic diabetic pair of legs ". The board gave greater weight to the evidence of the attending physician than to that of appellants' experts and, upon the entire record, we cannot say that the board's findings were unsupported by substantial evidence. Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.